2010 UT App 381

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert Martell McDANIEL, Defendant and Appellant.**

No. 20090885–CA.

Court of Appeals of Utah.

Dec. 23, 2010.

Sherry Valdez and Heather Chesnut, Salt Lake City, for Appellant.

Mark L. Shurtleff and Laura B. Dupaix, Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and THORNE.

## MEMORANDUM DECISION

THORNE, Judge:

¶1 Defendant Robert Martell McDaniel appeals from convictions of forgery, *see* Utah Code Ann. § 76-6-501 (2008), and attempted theft, *see id.* § 76-6-404, arguing that the trial court erred by refusing to merge the forgery charge with the attempted theft charge. We affirm.

¶2 "As a general rule, claims not raised before the trial court may not be raised on appeal." *State v. Cruz*, 2005 UT 45, ¶33, 122 P.3d 543 (internal quotation marks omitted). To preserve an issue for appeal, "the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶51, 99 P.3d 801 (internal quotation marks omitted). "For a trial court to be afforded an opportunity to correct the error '(1) the issue must be raised in a timely fashion[,] (2) the issue must be specifically raised[,] and (3) the challenging party must introduce supporting evidence or relevant legal authority.'" *Id.* (alterations in original) (quoting *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶14, 48 P.3d 968).

¶3 In this case, Defendant directs our attention to the portion of the trial transcript wherein defense counsel moved for a directed verdict and argues that counsel raised the merger doctrine in her directed verdict argument sufficiently to alert the trial court to the issue and give the court an opportunity to address it. The directed verdict argument defense counsel raised with the trial court is as follows:

MS. CHESNUT: Your Honor, I would ask the Court to enter a directed verdict of not guilty on count 2, the attempted theft, on the basis that there seems to be lacking any evidence that the defendant obtained any property through—through a deception in this case. He didn't even have possession of this car until after there was a valid down payment.

*And additionally, there is only one act that's describing the evidence out of giving an invalid check to this car dealership.*

*And so I would say probably there's a merger issue with the attempted theft count* and would ask that the Court enter a directed verdict on that count.

I'd also—

THE COURT: Go ahead.

MS. CHESNUT: Just briefly,[1] I'd also ask the Court to enter a directed verdict on count 1, the forgery, on the basis of lack of evidence of intent.

(Emphases added.) Although the record reflects that defense counsel mentioned the possibility of a merger issue in the instant case, this was not sufficient to preserve the issue for appeal as the issue was not raised to a level of consciousness to allow the trial court an adequate opportunity to address it nor did counsel introduce supporting evidence or relevant legal authority. *Cf. State v. Worwood,* 2007 UT 47, ¶ 16, 164 P.3d 397 ("[P]erfunctorily mentioning an issue, without more, does not preserve it for appeal."); *Cruz,* 2005 UT 45, ¶ 33, 122 P.3d 543. In fact, the record demonstrates that defense counsel failed to pursue the merger issue after it became apparent that the trial court had not considered defense counsel's merger theory when it denied the directed verdict motion on the basis that the "State has certainly presented enough evidence that viewing the evidence in the light most favorable to the State, the elements have been shown."

¶ 4 Because Defendant's merger argument was not presented to the trial court in a way that would have alerted the court of the necessity to rule on that issue, nor does Defendant argue that the trial court committed plain error or that the case involves exceptional circumstances, *see Lunt v. Lance,* 2008 UT App 192, ¶¶ 23–24, 186 P.3d 978, we decline to address it on appeal.

¶ 5 Affirmed.

¶ 6 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and GREGORY K. ORME, Judge.